MORNINGSTAR, Appellant,

v.

MORNINGSTAR, Appellee.

[Cite as *Morningstar v. Morningstar* (1990), 63 Ohio App.3d 653.]

Court of Appeals of Ohio,
Greene County.

No. 89–CA–10.

Decided Feb. 14, 1990.

*Alex DeMarco*, for appellant.

*J. Gordon Rudd* and *David A. Orlins*, for appellee.

---

*Per Curiam.*

This matter comes before the court upon the motion of defendant-appellee James T. Morningstar for reconsideration, the parties' memoranda in support of, and in opposition to, the motion, and a hearing upon the motion.

In this court's judgment of December 8, 1989, 1989 WL 148025, we affirmed a judgment of the trial court that concluded as follows:

"IT IS ORDERED that Joan Morningstar be awarded $307,500.00, being one-half of the net marital assets. Alimony of $350.00 per week is ordered, subject to termination only upon the death of Joan Morningstar. James Morningstar is granted a credit of $30,390.92 against the alimony arrearage."

Mr. Morningstar interprets the judgment of the trial court as awarding Mrs. Morningstar $307,500 as and for her share of the net marital assets (which we have previously held to have been $615,000), so that the value of any marital assets which may be distributed to her in kind must be deducted from the $307,500 award in computing the amount of the award to her in cash.

Mrs. Morningstar interprets the judgment of the trial court as awarding her $307,500 in addition to her present interest in marital assets.

As we attempted to make clear in our opinion of November 27, 1989, we agree with Mr. Morningstar's interpretation of the trial court's judgment entry. We understand the $307,500 award to have been made as and for Mrs. Morningstar's share of the marital property.

The practical problem, as we understand it from the hearing upon Mr. Morningstar's motion for reconsideration, is that Mr. Morningstar has a foreclosure action pending against him to collect the $307,500 award. As we understand the situation, the judge in the foreclosure action is not inclined to recognize any setoff against the $307,500 award corresponding to Mrs. Morningstar's present interests in the marital property. Furthermore, Mr. Morningstar claims to be unable to pay Mrs. Morningstar $307,500 in cash without being able to encumber her interest in the real property used in his business, and she will not relinquish that interest in view of the parties' differing interpretations of the trial court's judgment.

Section 3(B)(1), Article IV of the Ohio Constitution provides as follows:

"The courts of appeals shall have original jurisdiction in the following:

" * * *

"(f) In any cause on review as may be necessary to its complete determination."

We have concluded that it has become necessary for us to declare the respective rights of the parties—in other words, to issue a declaratory judgment—in order to achieve a complete determination of the issues raised in this appeal. Specifically, it has become necessary to enter a judgment that will be binding upon the parties in the foreclosure proceedings, in order to give effect to our interpretation of the judgment of the trial court in this case.

Accordingly, we hereby enter the following declaratory judgment pursuant to Section 3(B)(1)(f), Article IV of the Ohio Constitution:

1. Mrs. Morningstar has the right to receive $307,500 as and for her interest in the marital property.

2. Mr. Morningstar has the right to a credit against the cash amount of Mrs. Morningstar's award corresponding to the value of her interests in any marital property.

3. Mrs. Morningstar must elect, by not later than March 23, 1990, whether to retain any interests that she may presently have in the marital property. For this purpose, marital property shall be deemed to include, without limitation, the marital residence, a vacant lot on Varsity Drive, certain household goods, certain items of jewelry, assets (whether real or personal) used in Mr. Morningstar's business, and shares of stock in Mr. Morningstar's business.

4. Mrs. Morningstar shall make an effective conveyance to Mr. Morningstar of any of her interests in the marital property that she shall elect not to retain. Mrs. Morningstar shall be deemed to have elected to retain any such interests that have not been effectively conveyed to Mr. Morningstar by midnight on March 23, 1990.

5. Mr. Morningstar shall be entitled to a credit against the cash amount of the $307,500 award to Mrs. Morningstar corresponding to the value of any of her interests in the marital property that she shall not have elected to convey to him on or before March 23, 1990. The amount of any and all such credits shall be determined and credited in connection with any proceedings in execution of the trial court's award to Mrs. Morningstar.

The foregoing judgment shall supplement our judgment of affirmance of December 8, 1989, in this case.

*So ordered.*

WILSON, FAIN and GRADY, JJ., concur.